JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Jonathan Buchspies
1480 Route 46, Apt 314-B
Parsippany, NJ 07054

**(b)** County of Residence of First Listed Plaintiff: Morris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

**DEFENDANTS**
Pfizer, Inc.
400 Webro Road
Parsippany, NJ 07054

County of Residence of First Listed Defendant: Morris
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: N.J.S.A. 34:11-562, et seq.

Brief description of cause: Failure to Pay Overtime

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 11/13/18 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JONATHAN BUCHSPIES, | : | **JURY DEMANDED** |
| Plaintiff, | : | Civil Action No.________________ |
| v. | : | |
| PFIZER, INC. | : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiff, Jonathan Buchspies, by and through his undersigned counsel, hereby files this Complaint against Defendant Pfizer, Inc. and avers as follows:

**I. PARTIES AND JURISDICTION**

1. Plaintiff, Jonathan Buchspies (hereinafter "Plaintiff" or "Buchspies"), is an adult individual residing in Parsippany, New Jersey.

2. Defendant, Pfizer, Inc. (hereinafter "Defendant" or "Pfizer") is a Delaware corporation with a principal place of business at 400 Webro Road, Parsippany, Morris County, New Jersey.

4. At all times relevant herein, Pfizer was an "employer" of Plaintiff within the meaning of the Fair Labor Standards Act and New Jersey Wage Laws.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the laws of the United States, the FLSA.

This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. FACTUAL ALLEGATIONS

9. Defendant Pfizer is an American pharmaceutical corporation.

10. Defendant is an employer covered by the record-keeping minimum wage, wage payment and overtime pay mandates of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Laws ("NJWHL" or "New Jersey Wage and Hour Laws"), N.J.S.A. 34:11-562, *et seq.*, and N.J.A.C. 12:56, *et seq.*

11. In 2013, Defendant hired Mr. Buchspies to work at its facility located in Parsippany, New Jersey.

12. Mr. Buchspies worked as a chemical analyst in a pharmaceutical laboratory. While working as a chemical analyst, Defendant's payroll system classified him as an "overtime eligible employee."

13. Two weeks before his termination, Mr. Buchspies raised complaints with human resources regarding his unpaid overtime.

14. On May 17, 2018, Defendant terminated Mr. Buchspies' employment and did not explain any reason for the termination.

15. At all times relevant to this complaint, Plaintiff's base rate of pay was set by the Defendant approximately $34.00 per hour.

16. While employed by Defendant, Plaintiff often worked longer hours than the forty (40) hour work week.

17. Upon information and belief, Defendant set the Plaintiff's weekly work schedule, deciding where and when the Plaintiff would work.

18. Despite working more than forty (40) hours per week, the Plaintiff never received overtime pay.

19. Each and every hour that Plaintiff worked for Defendant was paid at the straight time rate of approximately $34.00 per hour.

20. Upon information and belief, Defendant determined Plaintiff's base wages and decided not to pay Plaintiff overtime for hours worked more than forty (40) hours per week.

21. Throughout Plaintiff's employment with Defendant, Plaintiff was not an "exempt" employee as defined under the FLSA.

## III. <u>CAUSES OF ACTION</u>

### <u>COUNT I</u>
### Violation of the Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

22. Plaintiff incorporates by reference Paragraphs 1 through 21 as if fully set for herein.

23. At all times relevant herein, Defendant was an "employer" within the meaning of the FLSA.

24. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

25. At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

26. Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

27. Defendant failed to pay Plaintiff for hours he worked greater than forty (40) per workweek.

28. Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one and one-half times his base rate for each hour worked more than forty (40) hours per workweek.

29. Defendant's violations of the FLSA include not paying Plaintiff any overtime pay for overtime hours spent above the forty hours Plaintiff each week.

30. Defendant's conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**COUNT II**
**Violation of New Jersey Wage Laws**
**(Failure to Pay Overtime Compensation)**

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set for herein.

33. At all times relevant herein, Defendant was Plaintiff's "employer" within the meaning of the New Jersey Wage Laws.

34. At all times relevant herein, Defendant was responsible for paying wages to the Plaintiff.

35. Under the New Jersey Wages Laws, an employer must pay a non-exempt employee at least one and one-half times his base rate for each hour worked greather than forty (40) hours per workweek.

36. At all relevant times herein, Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the New Jersey Wage Laws.

37. Defendant's violations of the New Jersey Wage Laws include failing to pay Plaintiff for hours worked by him more than forty (40) per workweek.

38. Defendant's conduct in failing to pay Plaintiff properly was willful and was not based upon any reasonable interpretation of the law.

39. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**COUNT III**
**FLSA--RETALIATION**
**(29 U.S.C.A. § 215(a)3)**
**(Plaintiffs v. Defendants)**

40. Plaintiff incorporates paragraphs 1-39 as if fully set forth at length herein.

41. At set forth above, Plaintiff made a complaint about his wages, excessive hours and overtime, and as such, Plaintiff was engaged in protected activity under the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

42. Defendant took adverse action against Plaintiff by terminating his employment.

43. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

44. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3) Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

45. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

64. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

65. Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff Jonathan Buchspies demands judgment in his favor and against Defendant and that this Court enter an Order providing that:

A. Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendant's illegal actions, including but not limited to past lost earning. Plaintiff should be accorded those benefits illegally withheld;

B. Plaintiff is to be awarded liquidated damages as applicable under the Fair Labor Standards Act and New Jersey Wage Laws in an amount equal to the actual damages in this case.

C. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

D. Any other further relief this Court deems just proper and equitable.

Date: November 13, 2018

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: ______________________

**GRAHAM F. BAIRD, ESQUIRE** (Pa. Id. No. 92692)
Two Penn Center, Suite 1240
1500 John F. K Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0131
Fax: (215) 944-6124
Email: grahamb@ericshore.com
*Attorney for Plaintiff, Jonathan Buchspies*