UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONATHAN BUCHSPIES,

    *Plaintiff,*

v.

PFIZER, INC.,

    *Defendant.*

Civil Action No. 18-16083

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Defendant Pfizer Inc.'s ("Defendant" or "Pfizer") motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 8. Plaintiff filed a brief in opposition (D.E. 11) to which Defendant replied (D.E. 12).[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**.

I.    FACTUAL[2] & PROCEDURAL BACKGROUND

Plaintiff was a chemical analyst at Pfizer, and was paid an hourly rate from 2013 until his termination on May 17, 2018. Compl. ¶¶ 11-12, 14. He was classified as an "overtime eligible

---

[1] Defendant's brief in support of its motion (D.E. 8-2) will be referred to as "Def. Br."; Plaintiff's brief in opposition (D.E. 11) will be referred to as "Plf. Opp."; and Defendant's reply brief (D.E. 12) will be referred to as "Def. Reply".

[2] The Court draws the following facts from Plaintiff's Complaint (D.E. 1), which are taken as true for the purposes of the current motion. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

employee" and was not an "exempt" employee as defined by the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 12, 21. Plaintiff alleges that while employed, he "often" worked more than forty hours per week but never received overtime pay. *Id.* ¶¶ 16, 18. Pfizer purportedly set Plaintiff's weekly work schedule. *Id.* ¶ 17. Plaintiff further contends that two weeks before he was terminated, he raised complaints with human resources regarding unpaid overtime. *Id.* ¶ 13. Plaintiff was terminated on May 17, 2018 and was not told why he was terminated. *Id.* ¶ 14.

Plaintiff filed his Complaint on November 13, 2018. D.E. 1. The Complaint asserts claims for (1) a FLSA violation as a result of Defendant's failure to pay overtime (Count One); (2) a failure to pay overtime in violation of the New Jersey Wage and Hour Law ("NJWHL") (Count Two); and (3) a FLSA retaliation claim (Count Three). On March 25, 2019, Defendant filed the instant motion to dismiss.

## II. STANDARD OF REVIEW

Defendants seek to dismiss the Complaint, in its entirety, pursuant to Rule 12(b)(6). Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim

2

are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

#### a. Documents Outside the Pleadings

At the outset, throughout its motion to dismiss, Defendant relies an email chain that was not referenced in the Complaint nor included as an exhibit to the pleading. Defendant argues that the Court may rely on this document and information discussed therein in dismissing the Complaint because it is integral to and explicitly relied upon in the Complaint. *See* Def. Br. at 2 n.1; Def. Reply at 6.

In deciding a motion to dismiss, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. A court may also rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted). A document is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total Petrochemicals USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). The document at issue here is an email chain between Plaintiff and a Pfizer employee. The email chain was initiated by the Pfizer employee to schedule a meeting with Plaintiff to discuss "a matter that was raised to the company's attention." *See* Decl. of Eric Eichinger ("Eichinger Decl.") Ex. A at 5, D.E. 8-5. In a later email in the chain, the employee requests that Plaintiff provide additional

3

information regarding his overtime complaints. Although Plaintiff's allegation that he complained about Pfizer's overtime pay practices is a critical component of his FLSA retaliation claim, the email chain is not the actual complaint. Rather, it appears that Plaintiff made his complaint during an in-person meeting. *Id.* at 3. Thus, the email chain does not form the basis of Plaintiff's claim and is not integral. Moreover, neither the email chain nor any facts in the emails are mentioned in the Complaint. As a result, the Court will not consider the email chain in assessing the sufficiency of Plaintiff's pleading.

Pfizer also provides new facts regarding Plaintiff's termination in the Declaration of Eric Eichinger. *See* Eichinger Decl. ¶¶ 5. These facts are not asserted in the Complaint and do not even appear in the email chain that Pfizer argues should be considered by the Court. Accordingly, these facts are not integral to or explicitly relied upon in the Complaint and will not be considered at this time. Therefore, for the purposes of this motion, the Court will rely solely on the facts as alleged in the Complaint.[3]

### b. Failure to Pay Overtime (Counts One and Two)

Defendant argues, among other things, that Counts One and Two should be dismissed for lack of specificity. Def. Br. at 10-12. The FLSA requires employers to pay overtime compensation for a non-exempt employee's work that is in excess of forty hours per week. 29 U.S.C. § 207. The NJWHL mirrors its federal counterpart and "judicial interpretations construing the FLSA are applicable." *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5

---

[3] If matters outside the pleading are presented on a motion to dismiss, and are considered by the court, the motion must be treated as a motion for summary judgment under Rule 56, and all parties must be given an opportunity to present all pertinent material. Fed. R. Civ. P. 12(d). Although the parties recognize that the Court may convert a motion to dismiss into one for summary judgment pursuant to Rule 12(d), Defendant expressly asks that this Court *not* convert the instant motion. Def. Br. at 2 n.1. Therefore, the Court does not convert the current motion to dismiss to one for summary judgment.

4

(D.N.J. June 28, 2010). Thus, the Court considers Counts One and Two together.

To recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). To state a plausible FLSA claim, "a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours." *Id.* at 242 (emphasis in original) (internal punctuation omitted) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). In adopting this standard, the Third Circuit rejected a stricter approach taken by some courts that requires a plaintiff to allege the number of overtime hours worked. *Id.* at 241. Thus, at the motion to dismiss stage, "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." *Id.* at 243.

Here, Plaintiff alleges that he "often worked longer hours than the forty (40) hour workweek,"[4] and that Defendant "set [his] weekly work schedule." Compl. ¶¶ 16-17. The Complaint continues that "[d]espite working more than forty (40) hours per week, the Plaintiff never received overtime pay." *Id.* ¶ 17. While sparse, these allegations satisfy the pleading requirements set forth in *Abington Memorial*.

---

[4] In Plaintiff's opposition brief, he argues that he "always worked in excess of the forty hour work week." Plf. Opp. at 2. This allegation is not plead in the Complaint, and Plaintiff may not amend his Complaint through his opposition brief. *Pa. ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))).

Defendant relies on *Lundy* and *Abington Memorial* to argue that Plaintiff fails to set forth a failure to pay overtime claim. Def. Br. at 11. In both cases, however, the plaintiffs' FLSA claims were dismissed because they failed to plausibly plead that they worked more than forty hours in a given week. *See Lundy*, 711 F.3d at 115 ("[W]e find no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours."); *Abington Mem'l Hosp.*, 765 F.3d at 243 ("None of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours."). As discussed, Plaintiff here pleads that he worked longer than forty hours in a given week but was not paid overtime for the excess hours. *Lundy* and *Davis*, therefore, fail to support Defendant's argument.

Defendant also maintains that Plaintiff's overtime violation claims should be dismissed because Plaintiff fails to plead that Pfizer knew or had reason to believe that Plaintiff was working more than forty hours a week without overtime pay. Def. Br. at 6-7. While this precise issue does not appear to have been addressed by the Third Circuit, "various courts have noted that the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions." *Clarke v. Flik Int'l Corp.*, No. 17-1915, 2018 WL 3930091, at *5 (D.N.J. Aug. 16, 2018); *see also Guenzel v. Mount Olive Bd. of Educ.*, No. 10-4452, 2011 WL 5599717, at *3 (D.N.J. Nov. 16, 2011), *motion for reconsideration granted on other grounds at* 2012 WL 556256 (D.N.J. Feb. 16, 2012) ("Where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA." (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981))). But Pfizer's argument rests on information in the email chain that the

Court already determined it cannot consider. Accordingly, looking solely at the Complaint, Plaintiff pleads that Pfizer set Plaintiff's weekly work schedule. Compl. ¶ 17. Through this allegation, the Court can reasonably infer that Pfizer was aware of Plaintiff's hours and whether he was working overtime. Defendant's motion, therefore, is denied on these grounds.

Next, Defendant argues that Plaintiff fails to set forth facts to establish a willful violation of the FLSA. Def. Br. at 12-14. An employer "willfully" violates the FLSA when it "either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter.'" *Souryavong v. Lackawanna County*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). At the motion to dismiss stage, "it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation." *Ochoa v. Pearson Educ., Inc.*, No. 11-1382, 2012 WL 95340, at *3 (D.N.J. Jan. 12, 2012) (quoting *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *9 (W.D. Pa. Nov. 9, 2010)). In this instance, the Complaint asserts the conclusory allegation that Pfizer's conduct was willful. Compl. ¶¶ 30, 38. The Complaint, however, is otherwise devoid of factual allegations to support Pfizer's knowledge that the alleged conduct was prohibited by the FLSA or a reckless disregard of its obligations under the FLSA. As a result, Plaintiff fails to plead that Pfizer acted willfully. Defendant's motion to dismiss is granted on these grounds.

Finally, Pfizer contends that Plaintiff's failure to pay overtime claims should be dismissed in their entirety as time barred. Def. Br. at 15. The Court agrees in part. If there is no finding of willfulness, a claim for unpaid overtime compensation under the FLSA must be "commenced within two years after the cause of action accrued."[5] 29 U.S.C. § 255(a). Claims brought pursuant

---

[5] If an employer willfully violates the FLSA it "extends the FLSA's limitations period from two

to the NJWHL must also be filed within two years of the date of accrual.[6] *Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 WL 715316, at *3 (D.N.J. Mar. 5, 2012) (explaining that NJWHL claims are subject to a two-year statute of limitations and there is "no reason to distinguish between the accrual of claims . . . under the FLSA and . . . the NJWHL"). A claim for unpaid overtime compensation accrues "at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation claim is claimed." *Genarie v. PRD Mgmt., Inc.*, No. 04-2082, 2006 WL 436733, at *14 (D.N.J. Feb. 17, 2006). Plaintiff filed his Complaint on November 13, 2018. D.E. 1. As a result, Plaintiff cannot recover overtime that Pfizer failed to pay before November 13, 2016 because these claims are time barred.[7] The Court will not dismiss Plaintiff's claims in their entirety; however, Plaintiff should tailor any amended pleading to reflect the fact that he cannot recover for any alleged overtime

---

years to three, bringing another year of lost pay within the scope of the worker's claim." *Souryavong*, 872 F.3d at 126 (citing 29 U.S.C. § 255(a)).

[6] On August 6, 2019, after Plaintiff filed his Compliant and this motion was fully briefed, the statute of limitations to recover unpaid overtime compensation under the NJWHL was extended from two to six years. 2019 N.J. Sess. Law Serv. Ch. 212 (West 2019). In most cases, courts "have long followed a general rule of statutory construction that favors prospective application of statutes." *Cruz v. Cent. Jersey Landscaping*, 195 N.J. 33, 45 (2008)). A statute is given retroactive effect only (1) where the Legislature has declared such an intent, either explicitly or implicitly, (2) "when an amendment is curative, or (3) when the expectations of the parties so warrant." *Id.* at 46 (internal citations omitted). The NJWHL amendment states that except for one section, not at issue here, "[t]his act shall take effect immediately." 2019 N.J. Sess. Law Serv. Ch. 212 (West 2019). Thus, there is no legislative indication that the statute of limitations extension should apply retroactively. In addition, the amendment is not curative. *See Botis v. Estate of Kudrick*, 421 N.J. Super. 107, 118 (App. Div. 2011) (explaining that an amendment is curative "if it is designed merely to carry out or explain the intent of the original statute"). Finally, neither party indicated that it anticipated this change to the statute of limitations or expected the amendment to retroactively apply. Thus, the two-year limitations period applies to Plaintiff's NJWHL claim.

[7] Generally, the statute of limitations is not an appropriate basis for a Rule 12(b)(6) dismissal. But there is an exception when, as here, "the plaintiff's tardiness in bringing the action [is] apparent from the face of the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105 n.13 (3d Cir. 2010) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002)).

violations that may have occurred prior to November 13, 2016, or plead sufficient facts demonstrating that Pfizer's conduct was willful such that he may recover for unpaid overtime after November 13, 2015.

### c. FLSA Retaliation Claim (Count Three)

Pfizer also seeks to dismiss Plaintiff's FLSA retaliation claim, arguing that Plaintiff fails to plead that he engaged in a protected activity and does not establish causation. Under the FLSA, it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or cause to be instituted any proceeding under or related to [the FLSA.]" 29 U.S.C. § 215(a)(3). To state a *prima facie* FLSA retaliation claim, a plaintiff must plead facts demonstrating (1) that the employee engaged in protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007). Defendant does not contest that Plaintiff was terminated and does not appear to dispute that a termination is an adverse action. As a result, the Court will address the first and third factors of Plaintiff's *prima facie* claim.

Plaintiff alleges that he complained to Human Resources about his unpaid overtime and was terminated two weeks later. Compl. ¶¶ 13-14. An unofficial internal complaint to an employer qualifies as a protected activity. *See Zielinski v. City of Wildwood*, No. 12-7195, 2014 WL 6991388, at *5 (D.N.J. Dec. 10, 2014). Thus, Plaintiff's complaint would ordinarily satisfy the first element of a *prima facie* FLSA retaliation claim. But Defendant argues that Plaintiff's complaint was not made in good faith. Def. Br. at 17. To qualify as protected activity, a complaint "must implicate 'a good faith reasonable belief' that a violation of the law existed." *Rodridguez*

*v. Ready Pac Produce*, No. 13-4634, 2014 WL 1875261, at *8 (D.N.J. May 9, 2014) (quoting *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996)). Here, Defendant contends that Plaintiff knew he was obligated to record his work hours but elected not to do so. Thus, Defendant continues, Plaintiff's complaint that he was not paid appropriate overtime was not made in good faith. Def. Br. at 17. Defendant's argument, however, relies on facts not included in the Complaint. The Court, therefore, will not dismiss Plaintiff's retaliation claim on these grounds.

Defendant also contends that the retaliation claim should be dismissed because Plaintiff fails to establish a causal connection between his complaint to human resources and his termination. Def. Br. at 18-19. Similarly, Defendant's argument hinges on the fact that Pfizer was already in the process of investigating Plaintiff for unrelated conduct – facts that were not plead in the Complaint. Thus, the Court will also not consider this argument in assessing the sufficiency of Plaintiff's pleading.

Consequently, as it pertains to Plaintiff's FLSA retaliation claim, Defendant's motion to dismiss is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's motion to dismiss (D.E. 8). Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff fails to file a second amended complaint within that time, the dismissal will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: October 10, 2019

John Michael Vazquez, U.S.D.J.